# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) |
| Appellant, | ) ) |
| v. | ) Civil Action No.: 7:14cv00453 ) ) |
| ADINA NAOMI SEXTON, | ) ) |
| Appellee. | ) By: Hon. Michael F. Urbanski ) United States District Judge ) |

## **MEMORANDUM OPINION**

This is an appeal from an order by the United States Bankruptcy Court for the Western District of Virginia pursuant to 28 U.S.C. § 158(a)(1) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. In an April 1, 2014 memorandum opinion and order, the bankruptcy court found that the United States Department of Agriculture ("USDA") violated the automatic stay protecting appellee Adina Sexton's ("Sexton") bankruptcy estate. In a July 21, 2014 memorandum opinion and order, the bankruptcy court held that its April 1, 2014, order was a final order and denied the USDA's motion to reopen the adversary proceeding between Sexton and the USDA. The USDA filed its notice of appeal on July 31, 2014. The court heard oral argument on December 19, 2014. For the reasons that follow, the court affirms the bankruptcy court's July 21 order denying the reopening of the adversary proceeding because the USDA fails to show that the bankruptcy court abused its discretion. Furthermore, the USDA's appeal of the April 1 order is untimely, and it must be dismissed because the court lacks jurisdiction to hear it.

## I.

Sexton filed a Chapter 7 bankruptcy petition on February 13, 2013. Anticipating a $4,200.00 tax refund for the 2012 tax year, Sexton listed the refund as an asset of her estate, claimed a

homestead exemption for the $4,200 under Virginia Code §§ 34-4 and 34-13, and filed a homestead deed with the Floyd County Circuit Court Clerk. One of the liabilities Sexton disclosed on Schedule F to her bankruptcy petition was a debt in the amount of $114,617.42. That debt was the balance owed on a mortgage after an insufficient foreclosure sale. The guarantor of that mortgage was the USDA Rural Development Service, and because the debt represented a deficiency, it was wholly unsecured.

On March 6, 2013, weeks after Sexton filed her bankruptcy petition, the Department of Treasury and the USDA notified Sexton that her 2012 tax refund would be withheld and applied to the "Non-Tax Federal Debt" she owed to the USDA under the auspices of the Treasury Offset Program, 26 U.S.C. § 6402(d). Sexton's attorney notified the Department of Treasury of the pending bankruptcy proceeding and requested the funds be forwarded to the Chapter 7 trustee. Sexton's attorney received no response, and the trustee did not receive the funds.

On March 18, 2013, the Chapter 7 trustee made a report of no distribution due to a lack of assets in the estate. The bankruptcy court entered an order of discharge closing the case and discharging the liability owed to the USDA on May 14, 2013. Sexton filed a motion to reopen the bankruptcy case in June and instituted an adversary proceeding against the USDA challenging the withholding and application of her tax refund as a violation of the automatic stay. The USDA responded with motions to dismiss the adversary proceeding under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and sought entry of a *nunc pro tunc* order retroactively validating the setoff of Sexton's 2012 tax refund.

In its April 1, 2014 memorandum opinion, the bankruptcy court ruled that the USDA's setoff of Sexton's tax refund violated the automatic stay. According to the bankruptcy court, Sexton's

> right to recover her tax overpayment arose for the 2012 tax year at the midnight on December 31, 2012. By filing her bankruptcy

2

> petition on February 13, 2013 . . . prior to the Secretary of the Treasury redirecting her overpayment . . . her interest in the overpayment[ ] vested in her bankruptcy estate and instantly acquired the protections of the automatic stay.

In re Sexton, 508 B.R. 646, 662 (Bankr. W.D. Va. 2014). The bankruptcy court also found the USDA willfully violated the stay under 11 U.S.C. § 362(k)(1) and denied the USDA's *nunc pro tunc* motion because the equities of the case weighed in Sexton's favor. Id. at 666-67. Finally, the court ordered the USDA to release the sequestered funds and granted Sexton leave to submit "further evidence for other costs and fees incurred due to the government's" willful violation of the stay. Id. at 668. The court entered a corresponding order, and the clerk's office noted in the order's docket entry: "Case to Be Closed if Applicable 04/15/2014." In re Sexton, Bankr. No. 13-70230, Adv. Pro. No. 13-07037 (Bankr. W.D. Va. Apr. 1, 2014), Disposition of Adversary 7:13-ap-7037, Dkt. No. 29. Sexton did not submit any further filings or evidence to the bankruptcy court.

The bankruptcy court closed the adversary proceeding on April 16, 2014 and closed Sexton's main bankruptcy case on May 8, 2014. On May 12, 2014, the USDA filed a motion to reopen the adversary proceeding on the grounds that the court's April 1 order was not a final order. The bankruptcy court denied the motion to reopen the adversary proceeding on July 21, 2014, and the USDA filed its notice of appeal on July 31, 2014.

## II.

According to the USDA, the bankruptcy court abused its discretion by relying on § 350 of the Bankruptcy Code in its analysis of whether to reopen the adversary proceeding. The USDA argues that the adversary proceeding was a distinct proceeding separate from the bankruptcy case, and, as in a civil case, the bankruptcy court should have reopened the adversary proceeding for entry of a final judgment. Furthermore, the USDA believes that the April 1 order was not a final order because it left the issue of actual damages unresolved. Finally, the USDA asserts that Sexton's anticipated tax refund was not part of her bankruptcy estate because Sexton only had an interest in

3

the amount of the refund that exceeded the preexisting, unpaid governmental debt. The USDA draws a distinction between tax overpayments and tax refunds and argues that the overpayment creates a "potential claim" to the refund subject to other reductions from the Internal Revenue Code ("IRC"). Accordingly, the overpayment was properly applied to the USDA debt under IRC § 6402.

Sexton argues that the bankruptcy judge properly addressed the motion to reopen the adversary proceeding under § 350 of the Bankruptcy Code. Furthermore, even if § 350 did not apply to the motion to reopen, the USDA's motion should be viewed as an attempt to change, modify, or vacate the April 1 order under Rule 60(b). Because the USDA's reason for filing the motion to reopen was really an attempt to circumvent the rules of appellate procedure in order to timely note an appeal, Sexton argues there is no basis to find that the bankruptcy judge abused her discretion. Sexton does not address the merits of the April 1 order because, according to her, it was a final order, and the USDA did not timely note its appeal. Therefore, Sexton claims this court lacks jurisdiction to review the April 1 order and asks the court to dismiss the USDA's appeal as to that order.

## III.

The USDA seeks appellate review of two of the bankruptcy court's orders: (A) the bankruptcy court's July 21, 2014 order denying reopening the adversary proceeding and (B) the bankruptcy court's April 1, 2014 order. In reviewing the decision of the bankruptcy court, a district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous and review de novo the bankruptcy court's conclusions of law. See In re Harford Sands, Inc., 372 F.3d 637, 639 (4th Cir. 2004).

## A.

The bankruptcy court denied the motion to reopen the adversary proceeding based largely on § 350 of the Bankruptcy Code. Section 350 allows the court to reopen a bankruptcy case to

4

"administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Courts are generally split as to whether § 350 applies to the reopening of an adversary proceeding. The Bankruptcy Court for the Northern District of Indiana relied on § 350 in determining whether to reopen an adversary proceeding for resolution of a post-judgment fees issue in In re Manwarren, No. 09-33752, Adv. Pro. 09-3129, 2011 Bankr. LEXIS 5701 (Bankr. N.D. Ind. June 24, 2011). In that case, the court found there was "cause" under § 350 to reopen the adversary proceeding to determine the issue of fees. Id. at *9. Other courts have found § 350 inapplicable to the reopening of an adversary proceeding. See In re Sun Healthcare Grp., Inc., No. 99-03657, Adv. Pro. 01-7671, Adv. Pro. 01-7480, 2004 WL 941190, at *1 (Bankr. D. Del. Apr. 30, 2004); In re Woodcock, 301 B.R. 530, 533 (B.A.P. 8th Cir. 2003).

Appellate review of a decision not to reopen under either § 350 of the Bankruptcy Code or Rule 60 of the Federal Rules of Civil Procedure is for abuse of discretion. Hawkins v. Landmark Fin. Co., 727 F.2d 324, 327 (4th Cir. 1984); Square Const. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).[1] However, the USDA moved for entry of a final order pursuant to Rule 54(b) and Rule 58 of the Federal Rules of Civil Procedure applicable to adversary proceedings under Bankruptcy Rules 7054 and 7058, respectively. In re Sexton, Bankr. No. 13-70230, Adv. No. 13-07037 (Bankr. W.D. Va. May 12, 2014), Mot. Reopen Adversary Proceeding, Dkt. No. 33. Nevertheless, appellate review of a lower court's decision on a Rule 54(b) motion is for abuse of discretion as well. Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1336 (4th Cir. 1993) ("[O]ur conventional review of the district court's Rule 54(b) certification is for an abuse of discretion.") (citing Para-Chem Southern, Inc. v. M. Lowenstein Corp., 715 F.2d 128, 132 (4th Cir. 1983)). A court abuses its discretion if it "bases[s] its ruling on an erroneous view of the law or on a

---

[1] Sexton argues that if § 350 is inapplicable the motion to reopen for entry of a final order should be construed as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

The bankruptcy judge did not abuse her discretion by refusing to reopen the adversary proceeding under § 350 of the Bankruptcy Code. First, there is no authority on this issue from the Fourth Circuit, and courts outside the circuit are split as to whether a bankruptcy court ought to address a motion to reopen an adversary proceeding under § 350. In addition, the bankruptcy court explained its decision not to reopen the adversary proceeding in an eight-page, well-reasoned opinion which provides this court with a basis to review the bankruptcy court's reasoning. See Braswell, 2 F.3d at 1336 ("[N]umerous courts have held that where the district court's Rule 54(b) certification is devoid of findings or reasoning in support thereof, the deference normally accorded such a certification is nullified."). As such, the court finds the bankruptcy court's reliance on § 350 of the Bankruptcy Code in its decision not to reopen the adversary proceeding was not based "on an erroneous view of the law." Cooter & Gell, 496 U.S. at 405.

**B.**

Sexton argues this court lacks jurisdiction to hear an appeal from the April 1 order because the USDA's appeal is untimely. Because the court's jurisdiction to hear a case is a threshold issue, the court must determine whether the April 1 order was a final order that started the 14-day window for noting an appeal before considering the merits of the appeal. The USDA argues that the bankruptcy court's April 1 opinion and order cannot be a final order because it left open the issue of actual damages as well as fees and costs.

**1.**

In the memorandum opinion accompanying the April 1 order, the bankruptcy court made the following statements: (1) "[t]he Court orders the government to release the sequestered funds and reimburse the debtor for her actual damages;" (2) "The government intended its actions with

6

knowledge of the automatic stay and, accordingly, must reimburse Ms. Sexton for actual damages, attorney's fees, and costs;" and (3) "the debtor may submit any further evidence for other costs and fees incurred due to the government's actions, and the Court will consider those fees at a future hearing, if she so requests." In re Sexton, 508 B.R. at 667-68. The bankruptcy court did not award punitive damages. Id. at 668. Sexton's complaint in the adversary proceeding requested relief in the form of

> (1) release of the $4,201 tax refund the government withheld; (2) reimbursement of actual damages and costs expended in response to the violation; (3) reimbursement of attorney's fees; (4) sanctions for the "willful violation" of the automatic stay, and (5) any other relief the Court deems just and equitable.

Id. at 667.

In its motion to reopen the adversary proceeding, the USDA characterized Sexton's complaint as containing two claims: the first claim to recover the tax refund and a second claim for damages under 11 U.S.C. § 362(k)(1). In re Sexton, Bankr. No. 13-70230, Adv. Pro. No. 13-07037 (Bankr. W.D. Va. May 12, 2014), Mot. Reopen Adversary Proceeding, Dkt. No. 33, at *2. That assertion mischaracterizes the complaint—a request for damages is not a cause of action, but a prayer for relief. However, Sexton's complaint does contain two claims: one claim for a violation of the stay and a separate claim alleging a willful violation of the automatic stay. Section 362 of the Bankruptcy Code distinguishes between a violation of the automatic stay protecting the bankruptcy estate and a willful violation of the automatic stay. See 11 U.S.C. §§ 362(a) and (k)(1); Davis v. IRS, 136 B.R. 414, 424 (E.D. Va. 1992) (decided under prior version of 11 U.S.C. § 362). Section 362(k)(1) does not require proof of damages to find a violation of the stay; damages must be proven in order to be awarded. See In re Gallo, No. 07-10958C-13G, 2012 WL 3930320, at *3 (Bankr. M.D.N.C. Sept. 10, 2012).

7

In its July 21, 2014 opinion and order, the bankruptcy court concluded the April 1 order was a final order because (1) it disposed of the pending motions and claims, and (2) Sexton was not compelled to prove damages in order to prevail and, therefore, it was not necessary to delay entry of a final judgment "in order to tax costs or award fees" under Federal Rule of Civil Procedure 58(e). See In re Sexton, Bankr. No. 13-70230, Adv. Pro. No. 13-07037 (Bankr. W.D. Va. July 21, 2014), Mem. Op., Dkt. No. 39, at *6-7.

### 2.

An order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Hudson v. Pittsylvania Cnty, 774 F.3d 231, 234 (4th Cir. 2014) (quoting United States v. Modanlo, 762 F.3d 403, 409 (4th Cir. 2014)). Simply because "'the award or amount of attorney's fees for the litigation remains to be determined,'" that pending determination does not strip an order of its finality. Id. (quoting Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S.Ct. 773, 777 (2014) (Kennedy, J.)). The "concept of finality" in bankruptcy proceedings "is more flexible than in ordinary civil litigation." In re Fugazy, 982 F.2d 769, 775 (2d Cir. 1992). To be a final order, a bankruptcy court's order "'must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" In re Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000) (quoting Fugazy, 982 F.2d at 776); see also First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC, 470 B.R. 364, 370 (E.D. Va. 2012).

Section 362 of the Bankruptcy Code mandates the award of "actual damages, including costs and attorneys' fees, and, in appropriate circumstances . . . punitive damages" for a willful violation of the automatic stay, but the debtor bears the burden of proving any damages. 11 U.S.C. § 362(k)(1); In re Gallo, No. 07-10958C-13G, 2012 WL 3930320, at *3 (M.D.N.C. Sept. 10, 2012). "Determinations of liability without an assessment of damages are as likely to cause duplicative

8

litigation in bankruptcy as they are in civil litigation, and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater." In re Morrell, 880 F.2d 855, 856-57 (5th Cir. 1989). However, attorneys' fees are separate from the merits of a case even if attorneys' fees are considered as part of the damages authorized by statute. Hudson, 774 F.3d at 234-35; In re Colon, 941 F.2d 242, 245 (3d Cir. 1991).

In re Atlas involved an appeal from a bankruptcy court order that awarded attorneys' fees and costs but left open the issue of punitive and actual damages under § 362. Atlas, 210 F.3d at 1308. That order did not "dispose of the trustee's prayer for relief" because "the bankruptcy court awarded actual damages, *including attorney's fees and costs*, and considered the possibility of future punitive damages, but deferred assessment of those damages." Id. The bankruptcy court's order in that case stated:

> Guy's willful violation of the stay is subject to sanctions under 11 U.S.C. § 362(h) . . . . Therefore, it is-ORDERED as follows: . . . 2. Pursuant to 11 U.SC. § 362(h), the Court awards damages in favor of the Trustee and against James Guy in an amount to be fixed upon the Trustee's filing of a supplemental motion detailing the fees and costs incurred as a result of Guy's wrongful conduct. 3. The Court will consider awarding punitive damages against James Guy if the Complaint is not dismissed within two days after service of this Order upon Guy.

Id. (emphasis omitted). The bankruptcy court's order was not a final order "because [that order] concerns an award of *damages*, not just attorney's fees, which has not yet been assessed." Id.

In this case, the bankruptcy court twice noted its award of actual damages to Sexton in the April 1 memorandum opinion accompanying its order but granted Sexton the opportunity to present evidence only as to attorneys' fees and costs, not damages. Specifically, the court said "[Sexton] may submit any further evidence for other costs and fees incurred due to the government's actions, and the Court will consider those fees at a future hearing, if [Sexton] so requests." In re Sexton, 508 B.R. at 668. What distinguishes this case from Atlas is that the

9

bankruptcy court did not permit Sexton the opportunity to present evidence on any damages, Sexton did not avail herself of the opportunity to present any evidence as to fees or costs, the court did not impose sanctions or punitive damages, and the court closed the adversary proceeding after the 14-day window for appeal expired. The only issues left open for resolution by the bankruptcy court was the quantification of fees and costs, if any, not damages.

The bankruptcy court's July 21, 2014 memorandum opinion, however, neglects to parse the terms "damages" and "fees and costs." The court first states the April 1 order "permitted Ms. Sexton to submit evidence on actual damages to tax the government" then it construes the government's motion to reopen the adversary proceeding as "based on the fact that the Court never ruled on the matter of attorney's fees and costs." In re Sexton, Bankr. No. 13-70230, Adv. Pro. No. 13-07037 (Bankr. W.D. Va. July 21, 2014), Mem. Op., Dkt. No. 39, at *2, *5. In footnote 9 to that opinion, the bankruptcy court opined that "actual damages would be easily determined, as Ms. Sexton's counsel was pro bono, the Court waived the filing fee, and the debtor did not lose wages, so there may have been no actual damages for her to tax the government." Id. at *7 n.9. Indeed, that opinion uses the terms "damages" and "fees and costs" interchangeably. The bankruptcy court makes the same mistake later by noting "Sexton could petition for any actual damages, if she had sustained any" but describes the April 1 opinion and order as "not leav[ing] any question open regarding actual damages." Id. at *7, *8.[2]

The bankruptcy court's April 1 order was a final order on the merits because it granted Sexton leave to present evidence only as to "other costs and fees incurred due to the government's actions." In re Sexton, 508 B.R. at 668. It is clear from a reading of the opinion as a whole that the bankruptcy court's April 1 order only left the case open to determine fees and costs, if there were any. The court could have ordered or permitted Sexton to submit evidence as to "actual damages"

---

[2] This confusion is likely the result of the language of 11 U.S.C. § 362(k)(1) that provides for the recovery of "actual damages, including costs and attorneys' fees" for a willful violation of the automatic stay.

10

or "actual damages, fees, and costs," but it did not. Rather, the court permitted Sexton only to produce evidence as to fees and costs.

The April 1 opinion and order did not award punitive damages. The bankruptcy court denied the USDA's motions to dismiss and motions for a *nunc pro tunc* order, found that the USDA violated the automatic stay, and ordered the return of the $4,200 to Sexton. There was nothing more for the bankruptcy court to do but execute the judgment, and Sexton had the option to present evidence on her costs and fees. All that was left for the bankruptcy court to do was a "purely mechanical, computational, or in short 'ministerial' task, whose performance was unlikely . . . to affect the issue that the disappointed party want[ed] to raise on appeal." In re Fox, 762 F.2d 54, 55 (7th Cir. 1985); see also In re Yates, No. BAP WY-04-036, 04-20069, 2005 WL 50188, at *3 (B.A.P. 10th Cir. Jan. 11, 2005) (per curiam) ("Here, the issue of attorney's fees is separate and collateral to the merits of the case because the bankruptcy court's decision on whether the Appellant had violated the automatic stay effectively ended the litigation.").

As such, the USDA had fourteen days to file an appeal of the April 1 order, and it failed to do so. F.R. Bankr. P. 8002(a)(1). Even if the USDA's motion to reopen could have tolled the time to notice an appeal, the USDA would still have been too late because it did not file its motion to reopen until May 12—42 days after entry of the April 1 order and 26 days after the closing of the adversary proceeding. The bankruptcy court's April 1 order was a final order as to the merits of the adversary proceeding and left open only the issue of attorney's fees and costs. Therefore, the USDA's July 31, 2014 appeal of the April 1 order was untimely because it was filed 120 days after the entry of the April 1 order, and the court lacks jurisdiction to hear it.

## IV.

The USDA fails to show that the bankruptcy court abused its discretion by refusing to reopen the adversary proceeding or that the April 1 order was not an immediately appealable final

11

order. The April 1 order disposed of the merits of the adversary proceeding and left open only the issue of attorneys fees and costs; therefore, it was a final order. The USDA failed to timely note its appeal, and the court does not have jurisdiction to hear it. Accordingly, the court affirms the bankruptcy court's July 21 order and dismisses the USDA's appeal of the April 1 order. A corresponding Order consistent with this Memorandum Opinion will be entered this day.

The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: March 31, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge